THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

BANK OF AMERICA, N.A.,                          CASE NO. C12-1655-JCC

10
                              Plaintiff,         ORDER
11
                    v.
12
       JOSEPH SELLARS, *et al.*,
13
                              Defendants.
14

15        This matter comes before the Court on Defendants' motion to compel (Dkt. No. 27) and

16  Plaintiff's motion for a protective order (Dkt. No. 31). Having thoroughly considered the parties'

17  briefing and the relevant record, the Court DENIES both motions without prejudice for the

18  reasons explained herein.

19  **I.        BACKGROUND**

20        Plaintiff Bank of America, N.A. ("BANA") brings this declaratory judgment action

21  against Defendants Joseph and Kristi Sellars. Plaintiff alleges that the Sellars wrongfully

22  recorded documents in the Snohomish County property records that purported to release

23  BANA's deed of trust lien against the Sellars' home. Defendants have filed a counterclaim

24  against BANA for its alleged failure to honor Defendants' loan modification agreement.

25        The parties have now reached a complete impasse with regard to their most basic

26  discovery obligations: BANA refuses to respond to *any* of Defendants' discovery requests. In

ORDER
PAGE - 1

June 2013, Defendants served a set of thirty-two Requests for Production on BANA's counsel.
The parties were at that time attempting to negotiate a settlement. BANA requested that
Defendants' counsel strike the discovery requests to facilitate settlement, but the request was
rejected. Instead, Defendants' counsel stated that additional time would be provided if the parties
failed to settle. The settlement negotiations then broke down, but Defendants' counsel did not
raise the issue of BANA's failure to provide the discovery until January 2014.

On January 16, 2014, counsel for both parties had a telephone conference. BANA's
counsel explained that the requested discovery was "form discovery" more appropriate for
"wrongful foreclosure cases." (Dkt. No. 32 at ¶ 4.) While the parties conferred, it does not appear
that BANA's counsel ever provided written objections to the requested discovery. On February
7, 2014, counsel for Defendants e-mailed BANA's counsel with responses to discovery
propounded by BANA and requested that BANA provide full and complete responses to
Defendants' First Set of Requests for Production no later than February 21, 2014. In response,
counsel for the parties spoke via telephone. BANA's counsel again stated that discovery was
"improper" since this case is not a wrongful foreclosure matter and the RFPs were "form
discovery" previously used in wrongful foreclosure actions. BANA's counsel invited
Defendants' counsel to serve new discovery requests tailored to the issues in the case. BANA
also stated that if Defendants' counsel insisted that BANA respond to the discovery, it would
move for a protective order. Defendants' counsel advised BANA's counsel that she would confer
with her client and get back to BANA's counsel with her position. Defendants' counsel never
followed up with BANA regarding the issues discussed on February 7, 2014, but instead filed the
instant motion to compel on March 3, 2014. (Dkt. No. 27.) BANA responded and filed a motion
for a protective order three days later. (Dkt. No. 31.)

## II.   DISCUSSION

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to
the claim or defense of any party.'" *Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635

1   (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). If requested discovery is not answered, the

2   requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1).

3   "The party who resists discovery has the burden to show that discovery should not be allowed,

4   and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer*

5   *Tech ., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997). The Federal Rules

6   strongly encourage parties to resolve discovery disputes privately and discourage them from

7   seeking needless court intervention. To this end, before a party may bring a motion for an order

8   compelling discovery, that party must in good faith confer or attempt to confer in an effort to

9   obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). Pursuant to this district's

10  Local Rules, such good faith conference or attempt to confer must be in person or telephonic.

11  Local Rules W.D. Wash. CR 37(a)(1)(A).

12                                           *       *       *

13          As an initial matter, the Court notes that these cross-motions appear to be untimely. The

14  Court set the discovery deadline for 120 days before the April 21, 2014 trial date—*i.e.*, on or

15  about December 30, 2013. When the Court moved the trial date, its Minute Order reset the

16  pretrial order and trial brief deadlines, but expressly stated that "[a]ll other previously established

17  deadlines remain the same." (Dkt. No. 26.) Notwithstanding the fact that the parties' impasse

18  occurred after the discovery deadline, the Court will address the dispute and extend the discovery

19  deadline for a limited period in order to facilitate any production of documents after the parties

20  confer.

21          Second, it appears that while the parties did in some manner or another "confer" about

22  the dispute, Defendants' counsel failed to ever get back to BANA's counsel about whether they

23  would propound more narrowly tailored discovery requests, to which BANA stated it would

24  respond. Thus, the Court is not satisfied that the parties fully conferred in good faith before

25  burdening the Court with the instant cross-motions. This fact guides the Court's analysis herein.

26  Rather than address the parties' broad-sweeping requests to either order production or provide

ORDER
PAGE - 3

1   complete protection from *thirty-two* Requests for Production—none of which are discussed in

2   any detail in the briefs—the Court will give the parties a second chance to resolve this dispute in

3   good faith. In doing so, both parties should heed the following guidance:

4          Counsel for BANA must provide written objections to Defendants' Requests for

5   Production. *See* Fed. R. Civ. P. 34(b)(2) (mandating that "[t]he party to whom the request is

6   directed must respond in writing within 30 days" and that "[f]or each item or category, the

7   response must either state that inspection and related activities will be permitted as requested or

8   state an objection to the request, including the reasons."). General refusals to respond to

9   discovery requests in bulk will not be permitted. After doing so, Defendants must determine

10  whether they still believe their requests to be warranted and, while conferring with BANA about

11  the specific objections at issue, explain why the requests are relevant. Just as Plaintiff must

12  provide specific, written objections, Defendants must have a basis for the discovery requests—

13  they may not seek discovery that has no bearing on the issues presented in this case. If the parties

14  still dispute the propriety of BANA's objections with regard to specific requests, they may file a

15  joint motion under Rule 37 that discusses the specific RFP's at issue. The parties may also

16  contact the Court for a telephonic ruling to expedite the process. The Court expects the parties to

17  resolve this dispute either completely or, at a minimum, in significant part through their own

18  efforts in compliance with the applicable Federal Rules of Civil Procedure.

19         Alternatively, Defendants' counsel may confer with BANA's counsel and propound a

20  new set of more narrowly tailored discovery requests, to which BANA has indicated it would

21  respond. The parties may then engage in the same process delineated above. Any new discovery

22  requests should be propounded no later than April 14, 2014, and any joint motion under Rule 37

23  must be filed no later than April 21, 2014.

24         Because the Court denies both parties' motions and directs them to proceed in accordance

25  with this Order before any motions to compel or for a protective order will be granted, no fees

26  are warranted at this stage.

1

**III.**     **CONCLUSION**

2        For the foregoing reasons, Defendants' motion to compel (Dkt. No. 27) and Plaintiff's

3   cross-motion for a protective order (Dkt. No. 31) are DENIED without prejudice.

4        DATED this 7th day of April 2014.

5

6

7

8

9

10                                              John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26